Opinion filed January 6,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                    Nos. 11-09-00259-CR & 11-09-00260-CR

                                                    __________

 

                           RONNIE
WAYNE EDWARDS, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                    On
Appeal from the 91st District Court 

 

                                                          Eastland
County, Texas

 

                                             Trial Court
Cause Nos. 21913 & 21914

 



 

                                            M
E M O R A N D U M    O P I N I O N

            The
jury convicted Ronnie Wayne Edwards of aggravated assault[1]
and aggravated kidnapping.[2] 
The jury assessed his punishment for each offense at confinement for twenty
years and a $10,000 fine.  We affirm.

Issues
on Appeal

            In
each case, appellant contends that the evidence is both legally and factually
insufficient.  Appellant argues that, because the victim testified that she was
not in a state of fear and that appellant did not restrict her movements, the
evidence is insufficient to support the convictions.

Standard
of Review

            We note at the outset of our analysis that the Texas Court
of Criminal Appeals has now held in Brooks v. State, 323 S.W.3d 893
(Tex. Crim App. 2010), that there is “no
meaningful distinction between the Jackson v. Virginia[3]
legal-sufficiency standard and the Clewis[4] factual-sufficiency standard”; that the Jackson v.
Virginia standard is the “only standard that a reviewing court should apply
in determining whether the evidence is sufficient to support each element of a
criminal offense that the State is required to prove beyond a reasonable doubt”;
and that “[a]ll other cases to the contrary, including Clewis, are
overruled.”  Brooks, 323 S.W.3d at 894, 902, 912 (footnotes added).  Accordingly,
a challenge to the factual sufficiency of the evidence is no longer viable.  We
also note that appellant did not have the benefit of the opinion in Brooks when
this case was briefed.  We will review appellant’s factual sufficiency challenge
under the legal sufficiency standard set forth in Jackson v. Virginia.  Under
this standard, we must review all of the evidence in the light most favorable
to the verdict and determine whether any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt.  Jackson v.
Virginia, 443
U.S. 307; Brooks, 323 S.W.3d at 899.  

Evidence
at Trial

            Texas
Ranger Lancer Shane Morrow testified that, at 11:00 a.m., he was called by
local law enforcement officers to a hostage situation inside a residence in
Ranger, Texas.  Appellant was sitting on the couch with the victim.  He was
holding a knife in his right hand to the victim’s right abdominal area.  Appellant
had his left arm around the victim’s back.  In his left hand, he was holding another
knife to the victim’s left abdominal area.  Ranger Morrow testified that the
victim was a paraplegic.

            Ranger
Morrow stated that appellant became “increasingly agitated and aggressive.”  Appellant
told Ranger Morrow that he was prepared to die but that he was going to kill
the victim first if his demands were not met.  Appellant wanted the charges
pending against him in both Eastland and Stephens counties dropped.  While
appellant was talking, the victim was crying out for appellant to stop “poking”
her and not to “cut” her.  Appellant told the victim to “shut up” and be still
or he would cut her.  Ranger Morrow was concerned for the victim’s safety and
told appellant that he would try to help appellant.  After Ranger Morrow called
for a SWAT team, appellant surrendered the knives.

            Ranger
Morrow testified that, based on his experience, appellant was using deadly
force and was interfering substantially with the victim’s liberty.  The entire
situation lasted four hours.  

            Electra
Police Officer Brian Vest testified that, when he was previously employed by
the Ranger Police Department, he was dispatched to the residence where
appellant was holding the victim.  When Officer Vest arrived, appellant yelled,
“Get the ‘F’ off my porch or I’ll gut this bitch.”  Officer Vest took
appellant’s threat seriously and called for backup.  The officers entered the
residence and saw that the victim’s wheelchair was empty.  The victim was on
the couch with appellant.  Appellant was holding a fillet knife to the victim’s
throat.  When the officers raised their weapons, appellant said that he would
“gut” the victim.  The officers negotiated with appellant that they would lower
their weapons if appellant would lower the knife.

            Appellant
was agitated and was talking about drug dealers.  He requested that the media
come to the residence so that he could talk about the corruption in Ranger.  Appellant
had a knife in each hand and was holding each knife against the victim.  Appellant
allowed the victim to go to the restroom but only if he escorted her.  The
entire episode lasted four hours.

            Eastland
County Deputy Sheriff Major Ben Yarbrough and Eastland County Deputy Sheriff
Windell Light testified to substantially the same events as Officer Vest and
Ranger Morrow.

            Appellant
called the victim as a witness.  The victim testified that she and appellant
had been living together for almost four years.  She stated that they were
having a disagreement.  The victim stated that, when Officer Vest came into the
house, he had his gun pulled and appellant was not holding a knife to her.  The
victim testified that she was “a little bullheaded” and would lose her temper
at times.  The victim believed that she and appellant would have settled their
disagreement if the Ranger Police Department had not interfered.

Analysis

Ranger
Morrow, Officer Vest, Deputy Yarbrough, and Deputy Light testified that
appellant threatened the victim and restrained her movements by holding two knives
to her abdomen.  The victim denied that appellant had threatened her or
restrained her movements.   As the factfinder, the jury was the sole judge of
the weight and credibility of the witnesses’ testimony.  Tex. Code
Crim. Proc. Ann. art.
36.13 (Vernon 2007), art. 38.04 (Vernon 1979).  The jury was free to accept or
reject any or all of the various witnesses’ testimony.  When viewed in the
light most favorable to the verdict, a rational jury could have found that
appellant committed both offenses.  The evidence is legally sufficient to
support both convictions.  The sole issue is overruled in each case.

Holding

            The
judgments of the trial court are affirmed.

 

 

                                                                                    TERRY
McCALL

                                                                                    JUSTICE

 

January 6, 2011

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









                [1]Cause No.
11-09-00259-CR.

 





                [2]Cause No.
11-09-00260-CR.





[3]Jackson v.
Virginia,
443 U.S. 307 (1979).

 





[4]Clewis v. State, 922 S.W.2d 126
(Tex. Crim. App. 1996).